UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawn Heard,
    Petitioner

vs.                                      Case No. C-1-01-556
                                          (Weber, J.; Hogan, M.J.)

Deborah Timmerman-Cooper,[1]
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Ohio Reformatory for Women in Marysville, Ohio, has filed this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on the petition and respondent's return of writ. (Docs. 3, 5).

In her return of writ (Doc. 5), respondent argues that the instant petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially

---

[1] In her application for *in forma pauperis* status, petitioner names the State of Ohio as the opposing party. (*See* Doc. 2). However, the proper party respondent is Deborah Timmerman-Cooper, Warden of the Ohio Reformatory for Women where petitioner is incarcerated, because she is the individual who has custody of petitioner. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Accordingly, the caption of this case is hereby changed to reflect the proper party respondent.

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner was indicted by the 1997 term of the Hamilton County, Ohio, grand jury on one count of aggravated murder as defined in Ohio Rev. Code § 2903.01(A)(C) with a capital specification. (Doc. 5, Ex. A). The jury found petitioner guilty as charged and further found that a life sentence without parole should be imposed. (*See id.,* Exs. E, F). On May 11, 1998, the trial court sentenced petitioner to life imprisonment without eligibility for parole. (*Id.,* Ex. G).

With the assistance of counsel, petitioner perfected a timely appeal to the Ohio Court of Appeals, First Appellate District, raising six assignments of error challenging his conviction (*Id.,* Ex. I). On August 13, 1999, the Court of Appeals issued a decision overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.,* Ex. K). Petitioner did not pursue a further appeal to the Ohio Supreme Court. (Doc. 5 at 3).

It appears from the record that petitioner took no further action to challenge his conviction or sentence until he filed the instant petition for writ of habeas corpus on June 5, 2001.[2] (Doc. 3). In the petition, petitioner asserts claims of prosecutorial misconduct at trial and challenges the voluntariness of her statements to police. (Doc. 3). These claims involve allegations of error occurring at or before petitioner's trial. Petitioner neither argues nor alleges facts to suggest that the underlying factual bases

---

[2]Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date for a federal habeas corpus petition is actually the date on which the pro se prisoner provided his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). However, in this case, petitioner did not provide a date indicating when he provided his petition to prison authorities for mailing. The petition was received by the court on August 7, 2001 (*see* Doc. 3) not dated by petitioner, but the application for *in forma pauperis* status was signed by petitioner on June 5, 2001 (*see* Doc. 2, p. 7). It, therefore, appears that the earliest possible date petitioner could have provided his papers to prison authorities for mailing was June 5, 2001.

of these claims could not have been discovered through the exercise of due diligence before the conclusion of direct review in the Ohio courts. Therefore, it appears the petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Under 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final after the time for filing a timely appeal to the Ohio Supreme Court had expired. *See McClain v. Hill,* No. CV 97-0007-GHKRC, 1999 WL 345988, at *10 (C.D. Cal. May 19, 1999); *Lucas v. Carter,* 46 F.Supp.2d 709, 711(N.D. Ohio 1999); *cf. United States v. McNair,* Nos. CIV. A. 98-6021, CRIM. A. 95-124-09, 1999 WL 281308, at *2 (E.D. Pa. May 3, 1999) (citing *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999)). Under Ohio law, petitioner was required to file an appeal to the Ohio Supreme Court within forty-five (45) days after the Ohio Court of Appeals' final decision on direct appeal which was issued on August 13, 1999. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Petitioner's judgment of conviction and sentence became "final" under 28 U.S.C. § 2244(d)(1)(A) when the forty-five (45) day appeal period expired on September 27, 1999. The period of limitation began to run on the following day. Fed. R. Civ. P. 6 (a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Therefore, this Court concludes that the statute of limitations commenced running on September 28, 1999 and ended one year later in late September of 2000 absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73

F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, petitioner did nothing during the one-year period after his conviction became final by the conclusion of direct review in September 1999 to challenge his conviction. Therefore, the tolling provision set forth in § 2244(d)(2) is inapplicable to the case at hand.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id*.

Petitioner does not argue that he is entitled to equitable tolling and has made no attempt to apply the five equitable tolling factors to his case. There is no evidence in the record to suggest that petitioner lacked notice or constructive knowledge of the one-year filing requirement for federal habeas corpus petitions. In any event, it would have been unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, until June 2001 when he filed the instant petition. Petitioner has failed to demonstrate that he acted with due diligence in pursuing his federal remedy. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the Court concludes that the one-year statute of limitations governing petitioner's federal habeas corpus petition commenced running at the latest on September 27, 1999 and expired one year later in late September of 2000. The instant petition, filed in June 2001, was submitted over eight months too late. It is, therefore, RECOMMENDED that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be DISMISSED with prejudice as time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be DISMISSED with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), which is applicable to this case because petitioner's claims for relief have been found to be barred from review on procedural grounds.[3]  *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  10/31/2003             S/Timothy S. Hogan
hr                            Timothy S. Hogan
                              United States Magistrate Judge

P:\TSH\Law Clerks\01-556sol.wpd

**UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION**

Shawn Heard,

---

[3] Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether the petition states a viable constitutional claim. *See Slack,* 529 U.S. at 484.

Petitioner

vs.  Case No. C-1-01-556
(Weber, J.; Hogan, M.J.)

Deborah Timmerman-Cooper,
Respondent

---

### NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).